429 P.2d 819

**George L. BELL, on behalf of himself and all other taxpayers of Weber County, Plaintiff and Respondent,**

**v.**

**Bud FAVERO and Maurice Richards, Commissioners of Weber County, Defendants and Appellants.**

**No. 10709.**

Supreme Court of Utah.

July 3, 1967.

Ronald N. Boyce, Salt Lake City, for appellants.

William J. Critchlow, III, Ogden, for respondent.

HENRIOD, Justice:

Appeal from a judgment against two County Commissioners for return to the County Treasury of $600 for unauthorized purchase of football tickets, distributed to selected persons, together with an additional sum of $500 apiece as a statutory penalty. Affirmed as to the purchase price and reversed as to the penalty. No costs.

The plaintiff brought this suit on behalf of himself and other taxpayers, some time prior to an impending election skirmish. There possibly appears to be some overtones that Beethoven hardly would entertain.

The two defendant commissioners, without the consent of the third, at the instance of an agent for a state college, refused to buy a traditional ad in the school paper on the grounds that it would appear to be political. They then bought 50 season football tickets for $600, which they asserted was not political, and gave them away, not to the public, but to selected public employees,—one of which returned $45 after learning the facts of the case.

■ The trial court found that the purchase was not within the Commission's powers. He assigned a penalty, however, with which we do not agree, since it was inconsistent with his findings, that the whole matter resulted from an honest and legal mistake.

■ This was taxpayers' money. The only justification for its expenditure is based on Title 17–5–80, Utah Code Annotated 1953 to the effect that the county commissioners "are authorized to * * * provide for the development of the county's mineral, water, manpower, industrial and *other resources.*" Under the circumstances of this case we cannot agree that this sale was to promote "other resources,"—the only argument urged on this appeal.

There was much ado in argument about the sale of the tickets increasing attendance at the games. This seems somewhat flatulent, since the same result might have been accomplished by giving the tickets away to fill up the stadium.

It must be pointed out that the Commissioners did not solicit the purchase of these tickets. It was solicited by an agent of the school, absent which this case never would have reposed in this court. Public officials, approached for contributions to worthy causes, frequently are confronted with tough decisions. In case of doubt, recognition should be given to the difference between the taxpayer's dollar and their own, —albeit they might make an honest error in interpreting their authority,—as we think the learned trial court concluded in this case upon evidence which the record reasonably justified.

CALLISTER, TUCKETT, and ELLETT, JJ., concur.

CROCKETT, Chief Justice (concurring):

I concur but desire to add this comment: Due to the character of this proceeding, involving alleged misdoings of public officials, I think it fair to them and appropriate to add these observations made by the trial court in regard to the conduct of the defendant commissioners: " * * * the court finds that there was no fraud, no willful criminality, no corrupt or venal acts on the part of these County Commissioners * * *." and further that, " * * * They were simply mistaken as to the law."